**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

_____
                                        )
PRIVATE RESERVE PROPERTIES II, LLC,     )
    Plaintiff,                          )
                                        ) C.A. No.:  1:14-CV-299
v.                                      )
                                        )
INDIAN HARBOR INSURANCE COMPANY,        )
    Defendant.                          )
_____ )

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Indian Harbor Insurance Company hereby files this Notice of Removal and states in support as follows:

1. Indian Harbor Insurance Company is an original defendant in a civil action filed in the Providence Superior Court, State of Rhode Island, Civil Action No. PC14-2947.

2. This Notice of Removal is filed in the United States District Court for the District of Rhode Island within the time allowed by law for removal of civil actions.

3. The United States District Court for the District of Rhode Island is the district embracing the place where the state court action is pending.

4. A copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Providence Superior Court as required by 28 U.S.C. §1446(d).

5. The pleadings attached hereto as <u>Exhibit 1</u> constitute all of the process and pleadings received by Defendant in this action as required by 28 U.S.C. § 1446(a). These pleadings include: (1) the Complaint for Declaratory Relief filed by Plaintiff, Private Reserve Properties II, LLC; and (2) Defendant Indian Harbor Insurance Company's Answer to Plaintiff's Complaint and Jury Demand.

6. As set forth below, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00; therefore, this action is removable pursuant to 28 U.S.C. § 1441(a).

**Nature of Action**

7. The captioned matter concerns a fire that occurred on June 15, 2012 at a detached building adjacent to 42-44 Courtland Street, Providence, RI.

8. The Defendant had issued a commercial policy of insurance to Private Reserve Properties II, LLC under policy number FCI 005 7409-00, which provided certain coverage to 42-44 Courtland Street, Providence, RI from July 6, 2011 to July 6, 2012 (hereinafter referred to as "the Policy").

9. The Defendant was notified of the claimed loss through an ACORD Property Loss Notice form dated June 20, 2012.

10.   The Plaintiff's public adjuster, William L'Europa, submitted a loss estimate in the amount of $104,152.00 concerning the amount of damages to the detached building in this claimed loss.  A copy of the public adjuster's estimate is attached hereto as Exhibit 2.

11.   On July 23, 2012, the Defendant, through its authorized representative, U.S. Adjustment Corporation, directed correspondence to the Plaintiff denying coverage of the detached building.

12.   An actual controversy exists between the parties pursuant to 28 U.S.C. § 2201 as the parties seek a declaration of their rights and obligations under the Policy.

**Procedural Background**

13.   The Plaintiff filed its Complaint in the Providence Superior Court on June 11, 2014.

14.   The Defendant was served with the Plaintiff's state court Complaint on June 11, 2014.

15.   On June 27, 2014 the Defendant filed a timely Answer to the Plaintiff's Complaint.

16.   Pursuant to 28 U.S.C. § 1446 the Defendant has timely filed the instant Notice of Removal.

**Diversity Jurisdiction**

17.   The Plaintiff's Complaint alleges complete diversity of citizenship between the parties.  More specifically,

Plaintiff alleges that it is a domestic limited liability company with its principal place of business in the City of Providence, RI, and the Defendant is domiciled in the State of Delaware.

18.  For removal based upon diversity jurisdiction, the Defendant must show by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000.00. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  To do so, the Defendant must show only that it does not appear to a legal certainty that the claim is for less than the jurisdictional amount.  *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1937).

19.  In the event that the Complaint does not specify the value of the remedies that Plaintiff seeks, the Court "may consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal" in determining the amount in controversy.  *Williams*, 269 F.3d at 1319.

20.  The Plaintiff's public adjuster, William L'Europa, submitted an estimate for the damage claimed to the detached building in the amount of $104,152.00.  A copy of the estimate is attached hereto as <u>Exhibit 2</u>.

21.  Although the Defendant does not agree with the estimate of damages submitted by the Plaintiff's public adjuster and hereby expressly reserves its right to contest the amount of

the damages claimed by the Plaintiff in this or any other forum, based on the public adjuster's estimate attached as Exhibit 2 it does not appear to a legal certainty that the claim is for less than the jurisdictional amount.

22. By filing this Notice of Removal, Defendant does not waive, and hereby expressly reserves, the right to challenge the exercise of personal jurisdiction over it in this matter.

WHEREFORE, Defendant Indian Harbor Insurance Company hereby removes this civil action to the United States District Court for the District of Rhode Island.

>                           Respectfully submitted,
>                           Defendant, Indian Harbor Insurance
>                           Company,
>                           By its Attorneys,
>
>                           /s/ Edward A. Bopp
>                           _____
>                           William O. Monahan, #3444
>                           Edward A. Bopp, #8032
>                           MONAHAN & ASSOCIATES, P.C.
>                           113 Union Wharf East
>                           Boston, MA 02109
>                           (617) 227-1500
>                           Fax: (617) 227-6700
>                           wmonahan@monahanlaw.net
>                           ebopp@monahanlaw.net

**CERTIFICATE OF SERVICE**

I, Edward A. Bopp, hereby certify that on July 2, 2014, a true copy of the foregoing document was filed electronically and served by regular mail on any party unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties noted below by operation of the electronic filing system as indicated by the Notice of Electronic Filing. Parties may access this filing through the CM/ECF system:


Lauren D. Wilkins, Esquire
Ronald Langlois, Esquire
Langlois, Wilkins, Furtado & Metcalf, P.C.
317 Iron Horse Way, Suite 203
Providence, RI 02908

/s/ Edward A. Bopp
_____
Edward A. Bopp